IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ONEAL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. 21-cv-00039-MAB |
| | ) | |
| COUNCELOR VANZANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant, VANDALIA CORRECTIONAL CENTER, by and through its attorney, Kwame Raoul, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 12(b)(6), provides the following in support of its motion seeking dismissal from this suit:

**INTRODUCTION**

Plaintiff is a former inmate who alleges he was in the custody of the Illinois Department of Corrections for the time period relevant to this suit. Plaintiff filed suit against John Drannan, Wesley VanZant, William Henson, Stephanie Waggoner, and the Illinois Department of Corrections – Vandalia Correctional Center ("Vandalia"). (Doc. 1). However, Plaintiff's complaint fails to state any allegations against Vandalia. Vandalia is a building and not a proper party. The facility is not subject to suit under 42 U.S.C. §1983 for allegations of civil rights violations. Additionally, the facility is entitled to immunity under the Eleventh Amendment. Therefore, Defendant should be dismissed from this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) is brought when the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). And the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

**ARGUMENT**

I. **Plaintiff's complaint fails to state a claim against the Defendant.**

Vandalia was served with the Complaint in the instant suit; however, Plaintiff fails to make any factual allegations against Vandalia. Plaintiff claims individual employees violated his constitutional rights and Illinois state law. Specifically, Plaintiff alleges employees of Vandalia subjected Plaintiff to false arrest, unlawful incarceration, malicious incarceration, and conspired to violate his civil rights. (Doc. 1). According to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Notice pleading requires the plaintiff to allege enough to put the defendant on notice of the principal events upon which the claim is based. *Kubiak v. City of Chicago,* 810 F. 3d 476, 481 (7th Cir. 2016). "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F. 3d 331, 334 (7th Cir. 1998). Plaintiff fails to state any claim against Vandalia, therefore, Vandalia should be dismissed.

II. **Defendant is not a person who can be sued under §1983.**

Additionally, it is well-established that states and their agencies are not people and cannot be defendants under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 62

(1989). Section 1983 allows for actions against a "person" who under color of state law deprives any one of their civil rights. Vandalia is not a "person" who may be sued under Section 1983. *Sittig v. Ill. Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985) ("[B]ecause state agencies are not persons within the meaning of the Civil Rights Act, the Court lacks jurisdiction over [Plaintiff's] claims against the Illinois Department of Corrections and two of its correctional facilities."). Plaintiff's claims may not be brought against a correctional facility and should be dismissed.

### III. Defendant is immune from suit under the Eleventh Amendment.

Additionally, a state and its agencies are immune from private lawsuits seeking damages in federal court unless by express and unequivocal language the state waives, or Congress abrogates, the state's Eleventh Amendment immunity. U.S. Const. amend. XI; *Kroll v. Bd. Of Trustees*, 934 F. 2d 904, 907 (7th Cir. 1991). Plaintiff only seeks money damages and there has been no abrogation or waiver of Eleventh Amendment immunity applicable to this case. *Thomas v. Illinois*, 697 F. 3d 612 (7th Cir. 2012). As a building operated by an agency of the State of Illinois, the Defendant is immune from this suit under the Eleventh Amendment and the claims against the Defendant should be dismissed. *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001).

Accordingly, Vandalia Correctional Center is not a proper party to this suit, Plaintiff fails to state a claim against Vandalia Correctional Center, and the Defendant should be dismissed from this action with prejudice.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests this Court dismiss it from this suit with prejudice.

Respectfully submitted,

VANDALIA CORRECTIONAL CENTER,

Defendant,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendant,

By: s/*Victoria Fuller*
Victoria Fuller, #6329700
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone: (217) 782-9014
Facsimile: (217) 782-8767
E-Mail: vfuller@atg.state.il.us

| | |
|---|---|
| ONEAL JOHNSON, | ) |
|     Plaintiff, | ) |
| -vs- | )    Case No. 21-cv-00039-MAB |
| COUNCELOR VANZANT, et al., | ) |
|     Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021, the foregoing document, *Memorandum of Law in Support of Defendant's Motion to Dismiss*, was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    None

and I hereby certify that on the same date, I caused a copy of same to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

ONeal Johnson
816 W. 76st
Chicago, IL 60620

                                                      By s/ *Victoria Fuller*
                                                         Victoria Fuller, #6329700
                                                         Assistant Attorney General
                                                          500 South Second Street
                                                          Springfield, Illinois 62701
                                                           Telephone: (217) 782-9014
                                                          Facsimile: (217) 782-8767
                                                          E-Mail: vfuller@atg.state.il.us