IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ONEAL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. 21-cv-00039-MAB |
| | ) | |
| COUNCELOR VANZANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Defendants, JOHN DRANNAN, WILLIAM HENSON, WESLEY VANZANT, and STEPHANIE WAGGONER, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Federal Rule of Civil Procedure 12(b)(6), provide the following in support of their motion seeking dismissal of this action:

### INTRODUCTION

On October 21, 2020, Plaintiff, Oneal Johnson, a former inmate of the Illinois Department of Corrections, filed a complaint pursuant to 42 U.S.C. §1983 and Illinois state law against John Drannan, Wesley VanZant, William Henson, Stephanie Waggoner, and the Illinois Department of Corrections – Vandalia Correctional Center, alleging that while housed at Vandalia Correctional Center ("Vandalia"), he was subjected to false arrest, unlawful incarceration, malicious incarceration, and that Defendants conspired to violated his civil rights. (Doc. 1). Specifically, Plaintiff alleges Defendants' unlawful actions lead to him being transferred to Stateville Correctional Center ("Stateville") for a parole violation and held forty-one (41) days pass his expected date of release from incarceration. (Doc. 1). Plaintiff seeks monetary damages, punitive damages, and costs related to this action. (Doc. 1). Plaintiff's claims are barred by *Heck v.*

1

*Humphrey*, therefore, Defendants seek dismissal of Plaintiff's complaint because Plaintiff fails to state a claim upon which relief may be granted.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is brought when the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6). When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Further, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.  A claim may be dismissed "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41-46 (1957)).

## ARGUMENT

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court unequivocally held that, to challenge the validity of a conviction or sentence in a § 1983 action, the plaintiff must demonstrate that the sentence of conviction has been reversed or invalidated by another tribunal or called into question by the issuance of a federal habeas corpus petition. *Id.* at 487; *see also Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (finding that *Heck's* favorable termination requirement controls outcome whenever § 1983 claim implies invalidity of conviction or sentence, regardless of availability of habeas relief). The Supreme Court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (footnote omitted) (emphasis in original). The Supreme Court subsequently extended the holding of *Heck* to a challenge to the disciplinary hearing process afforded an inmate

where a judgment in favor of the inmate would imply the invalidity of the punishment imposed, namely the revocation of good time credit. *See Edwards v. Balisok*, 520 U.S. 641, 646, 648 (1997).

Here, Plaintiff makes a variety of claims including false arrest, unlawful incarceration, a state law claim of "malicious incarceration," and conspiracy to violate civil rights, but all of these claims relate to Plaintiff being transferred to Stateville for a parole violation. Plaintiff states he "was told he was not going home [because] he will be re-arrested on charges of violation of parole," but alleges Defendants' unlawful actions were the actual impetus behind his transfer to Stateville, not his parole violation. (Doc. 1). Although Plaintiff couches his claims as civil rights and state law violations, and does not overtly challenge the finding that he violated parole, were a court to rule in Plaintiff's favor on his claims, such a ruling would necessarily invalidate the finding that Plaintiff violated his parole. Therefore, since Plaintiff's claims stem from the alleged unlawfulness of the actions and procedures that culminated in finding he violated his parole, and because Plaintiff has not shown that the determination that he violated his parole has been reversed or set aside, Plaintiff's claims are all barred and should be dismissed pursuant to *Heck v. Humphrey*.

WHEREFORE, Defendants respectfully request that this honorable Court dismiss Plaintiff's complaint in its entirety without prejudice.

        Respectfully submitted,

        JOHN DRANNAN, WILLIAM HENSON, WESLEY VANZANT, and STEPHANIE WAGGONER,

            Defendants,

        KWAME RAOUL, Attorney General,
        State of Illinois,

            Attorney for Defendants,

By:   s/*Victoria Fuller*
        Victoria Fuller, #6329700
        Assistant Attorney General
        500 South Second Street
        Springfield, Illinois 62701
        Telephone: (217) 782-9014
        Facsimile: (217) 782-8767
        E-Mail: vfuller@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ONEAL JOHNSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    -vs- | )   Case No. 21-cv-00039-MAB |
| | ) |
| COUNCELOR VANZANT, et al., | ) |
| | ) |
|    Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021, the foregoing document, *Memorandum in Support of Defendants' Motion to Dismiss,* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

   None

and I hereby certify that on the same date, I caused a copy of same to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

ONeal Johnson
816 W. 76st
Chicago, IL 60620

                                            By s/ *Victoria Fuller*
                                               Victoria Fuller, #6329700
                                               Assistant Attorney General
                                               500 South Second Street
                                               Springfield, Illinois 62701
                                               Telephone: (217) 782-9014
                                               Facsimile: (217) 782-8767
                                               E-Mail: vfuller@atg.state.il.us