**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ONEAL JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:21-CV-39-MAB** |
| | ) | |
| **WESLEY VANZANT,** | ) | |
| **STEPHANIE WAGGONER,** | ) | |
| **WILLIAM HENSON,** | ) | |
| **JOHN DRANNAN, and** | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS VANDALIA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

Plaintiff O'Neal Johnson, a former IDOC inmate, filed this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 in the Northern District of Illinois on October 21, 2020, alleging, in short, that prison officials at Vandalia Correctional Center made him miss his out date (Doc. 1). The case was transferred to this District in January 2021 (Docs. 9, 10, 11). Defendants waived service (Docs. 21, 22, 23, 24, 30) and filed motions to dismiss in April 2021 (Docs. 36, 38). Plaintiff filed a response in opposition (Doc. 41). Defendants did not file a reply.

## FACTUAL BACKGROUND[1]

Plaintiff alleges that when he arrived at Vandalia on July 23, 2018, he only had three months remaining on his sentence and his out date was October 23, 2018. Plaintiff and his sister both signed and returned his "hold site papers," indicating that he could live with her following his release.

Plaintiff alleges that he angered Defendant John Drannan, who worked in Field Services, by "asking a lot of questions" at an orientation. Plaintiff angered Defendant Wesley Vanzant, who was a counselor at Vandalia, by asking Vanzant to resubmit paperwork to correct his "stipulation sheet" and then filing a grievance when Vanzant refused. When Plaintiff saw Vanzant several weeks later and asked about his stipulation sheet, Vanzant replied, "Wait until your out date u black mother fucker an [sic] see if you go home."

In October 2018, Plaintiff put in a request to see Field Services because he had not been "called to go to preschool to prepare him for going home" and no one had talked to him about being released. He spoke with Defendant Drannan on October 14th, who told Plaintiff that he would be going home on work release. Plaintiff protested, saying he had not signed up for work release and his sister had already submitted the requisite papers saying he could live with her. Plaintiff refused to sign the work release papers. He then submitted a grievance about Drannan. Assistant Warden William Henson answered the

[1] The Court recounts only those allegations from the complaint that are relevant to the motion to dismiss.

grievance and assured Plaintiff he would "get to the bottom of it and make [sure] I go home on my release date." When Plaintiff saw Assistant Warden Henson on October 17th, the warden told him he was going home. Every time Plaintiff tried to talk to Assistant Warden Henson after that, the warden said he was busy and he would stop by Plaintiff's unit, but he never did.

On October 19th, Plaintiff talked to Warden Stephanie Waggoner about his grievance against Drannan and said that Assistant Warden Henson was handling it. She assured Plaintiff that he would go home on his outdate and promised to look into things and come back with an answer. But anytime Plaintiff saw Warden Waggoner after that, she would not talk to him and she did not answer his grievances or return them to him.

Plaintiff alleges that he was told "to dress out to go home" on October 23rd but was never called. Plaintiff alleges this was the result of Defendants Drannan and Vanzant retaliating against him and conspiring with Warden Waggoner and Assistant Warden Henson to make him miss his out date. The next morning, Plaintiff was told that he was not going home but was instead going to Stateville on a violation of parole. Plaintiff alleges that "the defendant" (whom the Court believes is a reference to John Drannan) falsified reports stating Plaintiff "never gave a hold site w[h]ere he can go home to." Plaintiff says this was in retaliation for him asking so many questions at orientation. As Plaintiff was boarding the bus to Stateville, "he" (again, whom the Court believes is a reference to John Drannan) tried to make Plaintiff sign the violation papers but Plaintiff refused. Plaintiff was held at Stateville from October 23, 2018 to December 3, 2018, when he was released to his sister's home.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g.*, *Burger v. Cty. of Macon*, 942 F.3d 372, 374 (7th Cir. 2019) (citation omitted). The complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face,'" meaning the court can reasonably infer that the defendant is liable for the alleged misconduct. *Burger*, 942 F.3d at 374 *(quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*); Camasta*, 761 F.3d at 736 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)).

Illinois Department of Corrections Vandalia must be dismissed as a Defendant because it is not a person subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012).

As for the individual Defendants, they argue Plaintiffs' claims must be dismissed because they are barred by *Heck v. Humphrey* (Doc. 39). The Supreme Court held in *Heck* that a state prisoner cannot proceed on claims for money damages under 42 U.S.C. § 1983 based on an allegedly unconstitutional conviction or sentence unless the prisoner demonstrates that the conviction or sentence has been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). *Heck* applies both to a prisoner's original conviction and sentence

and to parole revocations. *Easterling v. Siarnicki*, 435 Fed. App'x. 524, 526 (7th Cir. 2011) (citing *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005)).

Here, Plaintiff claims that his incarceration was continued past the date he was scheduled to be released on parole based on a fabricated parole violation that he failed to obtain approved post-release housing. Plaintiff denies that he committed a parole violation. Therefore, if he succeeded on his § 1983 claims, it would necessarily imply the invalidity of the parole violation. Defendants argue that because Plaintiff has not shown that the parole violation had been overturned or invalidated, his claims are all *Heck* barred and should be dismissed (Doc. 39, p. 3).

The Court is unpersuaded by Defendants' argument. The Seventh Circuit has long treated the *Heck*-bar as an affirmative defense. *James v. Pfister*, 708 Fed. Appx. 876, 878–79 (7th Cir. 2017) (citing *Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999)); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (instructing that "the *Heck* defense" is not a jurisdictional bar and is therefore subject to waiver) (citations omitted); *Granger v. Rauch*, 388 Fed. App'x. 537, 544 (7th Cir. 2010) (citing *Kramer v. Vill. of North Fond du Lac,* 384 F.3d 856, 862–63 (7th Cir. 2004) (holding that defendants waived *Heck* as a defense by failing to raise it)); *Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999) (holding that defendant's "failure to plead the *Heck* defense in timely fashion was a waiver[.]"). Therefore, like other affirmative defenses, Plaintiff was not required to anticipate and preemptively plead around the *Heck* bar, and his claims can only be properly dismissed on a Rule 12(b)(6) motion to dismiss if the *Heck* deficiency is apparent from the face of the complaint. *James*, 708 Fed. App'x. at 878–79 (citing *Walker v. Thompson*, 288 F.3d 1005,

1010 (7th Cir. 2002). *See also Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016).

Here, it is not apparent from the face of the complaint that Plaintiff's claim is *Heck*-barred. The complaint makes clear that Plaintiff was released in December 2018 and is no longer being held in prison on the parole violation (Doc. 1), which gives rise to the possibility that the parole violation was invalidated. The complaint is silent as to whether that is true (*see* Doc. 1). However, Plaintiff asserted in his response to Defendants' motion to dismiss that his "[parole] violation was vacated" and he "was discharged the day of parole hearing, there was [no] grounds to hold Plaintiff." (Doc. 41). The Court opts to consider these allegations because they are consistent with, or add to, the allegations in the complaint. *Smith v. Dart,* 803 F.3d 304, 311 (7th Cir. 2015). *See also Help at Home, Inc. v. Med. Capital, L.L.C.,* 260 F.3d 748, 752–53 (7th Cir. 2001) ("A plaintiff need not put all of the essential facts in the complaint; he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint.") (citation omitted); *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997)("[F]acts alleged in a brief in opposition to a motion to dismiss . . . as well as factual allegations contained in other court filings of a *pro se* plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint."); *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997) ("[W]e have held that a plaintiff may supplement the complaint with factual narration in an affidavit or brief.").

The Court also notes that Plaintiff merely alleged that his parole violation was

overturned and did not affirmatively demonstrate that to be true. *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (reiterating that a § 1983 plaintiff has "to prove" their conviction has been invalidated in some way before they can recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid) (quoting *Heck*, 512 U.S. at 486); *Heck*, 512 U.S. at 487 ("[T]he complaint must be dismissed unless the plaintiff *can demonstrate* that the conviction or sentence has already been invalidated.") (emphasis added). However, he alleged in his complaint, and reiterated in his response brief, that he has been stymied in all of his attempts to obtain records from the Parole Board and to obtain his master file from the prison, which he says would contain the documents regarding the parole violation and the outcome of the parole hearing (Doc. 1 p. 7; Doc. 41, p. 2).

The Court concludes that under these circumstances, Defendants' motion to dismiss must be denied. The complaint does not plainly establish that Plaintiff's claims are *Heck*-barred. That being said, the uncertainty regarding this potentially dispositive issue can seemingly be resolved relatively easily, and the Court believes it is best to do so before the parties spend any real time or effort engaging in discovery on the merits of Plaintiff's claims. The Court thus orders the parties to first engage in limited discovery on the following topics: (A) Plaintiff's continued incarceration past October 23, 2018; (B) the parole violation Plaintiff was purportedly held on and the outcome of that violation; and (C) the circumstances of Plaintiff's eventual release in December 2018. The Court will set this matter for a status hearing to discuss this limited discovery. At the status

conference the Court will seek input from the parties on: (1) the source or sources of information that will yield the necessary information for the topics outlined above; (2) the means for obtaining this information (*e.g.*, whether an informal agreement to produce will suffice or whether Rule 34 Requests for Production of Documents must be utilized, whether a subpoena is needed, whether a court order required, etc.); (3) a reasonable timeline for obtaining this information; (4) whether any additional discovery is needed such as targeted interrogatories or limited depositions; and (5) if any additional topics are necessary to resolve the *Heck* issue.

If this limited discovery reveals that Plaintiff's parole violation was not invalidated as he alleged, Defendants shall have the right to renew their *Heck* argument in a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. If any part of the case remains viable following such summary judgment motion, litigation will proceed as normal with the parties conducting full discovery and then having an opportunity to file motions for summary judgment on the merits of Plaintiff's claims.

## CONCLUSION

The motion to dismiss filed by Defendant Illinois Department of Corrections Vandalia (Doc. 36) is **GRANTED**. Illinois Department of Corrections Vandalia is **DISMISSED with prejudice** as a Defendant in this case.

The motion to dismiss filed by Defendants John Drannan, William Henson, Wesley Vanzant, and Stephanie Waggoner (Doc. 38) is **DENIED**.

The parties shall engage in limited discovery aimed at definitively resolving whether Plaintiff's claims are *Heck* barred. A status conference will be set by separate

order to discuss the matter.

**IT IS SO ORDERED.**

**DATED: October 19, 2021**

**s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**