IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ONEAL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-00039-MAB |
| | ) |
| WESLEY VANZANT, STEPHANIE WAGGONER, WILLIAM HENSON, AND JOHN DRANNAN, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the Motions to Send Subpoenas and Deny Notice of Compliance (Docs. 51 & 52) and the Motion for Approval of Subpoenas (Doc. 59) filed by Plaintiff ONeal Johnson. Also before the Court is the Motion for Summary Judgment filed by Defendants John Drannan, Wesley Vanzant, Stephanie Waggoner, and William Henson (Doc. 53). For the following reasons, Plaintiff's motions (Docs. 51, 52, & 59) are DENIED and Defendants' Motion for Summary Judgment (Doc. 53) is GRANTED.

#### BACKGROUND

Plaintiff is a former Illinois Department of Corrections ("IDOC") inmate who filed this action, *pro se*, on October 21, 2020 (Doc. 1). During the times relevant to this lawsuit, Plaintiff was housed at Vandalia Correctional Center ("Vandalia") and Stateville Correctional Center ("Stateville") (*see Id.* at p. 2-3). Plaintiff alleges Defendants caused him to remain incarcerated beyond his release date of October 23, 2018, based on a

fabricated parole violation that he did not have a residence to stay at after his release and had not completed "preschool" (*Id.* at p. 3-6). Plaintiff was eventually released from custody on December 3, 2018 (*Id.* at p. 6). Plaintiff raises a variety of claims, including false arrest, unlawful incarceration, "malicious incarceration," and "conspiracy to violate civil rights" (*Id.* at p. 7-9).

Defendants filed a Rule 12(b)(6) Motion to Dismiss, arguing Plaintiff's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) (Doc. 36). *Heck* requires the dismissal of Plaintiff's Complaint unless he can prove his parole revocation was overturned or invalidated. *Id.* at p. 486-87; *see also* the Court's Order at Doc. 45. The Court denied Defendants' Motion to Dismiss because it was not apparent from the face of the Complaint that Plaintiff's parole revocation was not vacated (Doc. 45). However, given the potentially dispositive issue, the Court ordered the parties to engage in limited discovery on the following topics to determine whether Plaintiff's Complaint is *Heck*-barred: (A) Plaintiff's continued incarceration past October 23, 2018; (B) the parole violation Plaintiff was purportedly held on and the outcome of that violation; and (C) the circumstances of Plaintiff's eventual release in December 2018 (*Id.* at p. 7).

On January 20, 2022, Defendants filed a Notice of Compliance that states they produced the following to Plaintiff: all parole violation documents in the possession of Defendants' counsel; Plaintiff's "Active Living History" while in IDOC custody; Plaintiff's "Active Movement Histy" while in IDOC custody; Plaintiff's Cumulative Counseling Summary; Plaintiff's "Disciplinary History" and "Offender History"; Plaintiff's relevant indictment and mittimus; and Plaintiff's IDOC Master File (Doc. 49).

Also, Defendants' Counsel stated they were advised by the Illinois State Prisoner Review Board ("PRB") that it required a subpoena to produce Plaintiff's parole file (*Id.* at p. 2). On February 2, 2022, the Court ordered Defendants to issue a subpoena for the parole file (Doc. 50).

On March 2, 2022, Plaintiff filed two Motions to Send Subpoenas and Deny Notice of Compliance (Docs. 51 & 52). In the motions, Plaintiff contends that documents are missing from his IDOC Master File, including grievances, call logs, and "field services" paperwork. Also, according to Plaintiff, he was informed that his Stateville Master File was different than his Vandalia Master File, and Defendants' counsel instructed Plaintiff to serve subpoenas for the files. Plaintiff's motions suggest the missing evidence demonstrates that he and his sister attempted to contact "field services" to take the steps necessary for his release.

On March 30, 2022, Defendants filed a Motion for Summary Judgment that reasserts their argument under *Heck* (Doc. 53). Defendants cite PRB documents, which show Plaintiff was found in violation of his parole (Doc. 54, p. 37-39 & 45-48). None of the PRB records indicate the finding has been vacated (*see Id.*).

On April 11, 2022, Plaintiff filed a motion titled, "Motion to Deny Summary Judgment and Motion for Discovery" (Doc. 56). Plaintiff does not contend that his parole violation has been vacated. Instead, he argues the violation was based on falsities, mistakes, and injustices, and that "the PRB decision should be reversed" (*Id.* at p. 8). Also, the motion requests discovery related to: Plaintiff's parole violation hearing; the "Prisoner Reentry Group"; Plaintiff's family and friends who were contacted to provide

a host site; all grievances from Stateville and Vandalia; Plaintiff's Master File; and the PRB (*Id.*).

On April 26, 2022, the Court ordered Defendants to respond to Plaintiff's motions concerning the allegedly missing information in their document production (Doc. 57). Also, the Court directed the Clerk of Court to send blank subpoena forms to Plaintiff and ordered Plaintiff to file the subpoenas for the Court's review (*Id.*).

Defendants' response to Plaintiff's Motions to Send Subpoenas and Deny Notice of Compliance states Defendants produced the entirety of Plaintiff's IDOC file, the entirety of Plaintiff's PRB file, and Plaintiff's Master File (Doc. 58). Defendants attached a declaration from IDOC's Litigation Coordinator at Stateville, which provides, "Each time an individual in custody is transferred to a new facility within IDOC, the entirety of the individual in custody's Master file is sent to the individual in custody's new facility" (Doc. 58, p. 4). The declaration states that "each and every document that Stateville has in their possession for [Plaintiff]" was produced (*Id.* at p. 5).

On May 19, 2022, Plaintiff filed a Motion for Approval of Subpoenas (Doc. 59) and a document titled, "Notice to the Court to Deny Defendants Notice of compliance, and to Apply Sanctions also any Criminal Charges as the Court Deemed Just and Fair" (Doc. 60) ("Plaintiff's Notice").

Plaintiff's Notice accuses Defendants' counsel of misleading the Court and accuses Stateville's IDOC Litigation Coordinator of committing perjury in her declaration (Doc. 60). According to Plaintiff, Defendants did not produce the documents they claimed to have sent to Plaintiff. Plaintiff states he talked to "Stateville records," "Stateville legal

department," a Commander Hatchet, and a Commander Akpore, who confirmed the existence of the documents missing from Defendants' productions (*Id.* at p. 3-4). Plaintiff asks the Court to sanction Defendants' counsel and hold IDOC's Litigation Coordinator in contempt (*Id.* at p. 2). Also, Plaintiff's Notice argues his parole violation was a result of Defendants sending the "Parole agency" the wrong phone number for Plaintiff's sister, Brenda Johnson, with whom Plaintiff planned to stay after his release (*Id.* at p. 2). Because the parole officers did not have the correct phone number, they arrived at Ms. Johnson's home, she was not there, and they erroneously concluded the home was abandoned (*Id.* at p. 2-3). Plaintiff argues Ms. Johnson subsequently spoke to a parole officer and requested "new documents" to arrange for another visit, but she never received them (*Id.* at p. 3). Plaintiff argues that his "violation should be vacated" (*Id.* at p. 5).

Plaintiff's Motion for Approval of Subpoenas (Doc. 59) contains two proposed subpoenas for the Court's review. Plaintiff seeks to command non-party Stateville Records Office to produce the following:

> Parole agent note, parole file, phone number address of hold site, Commandor Hatchet notes, Commandor Akpore note, 10/30/18 PRB parole or release violation hearing-findings, 10/30/2018 unredacted service officer Drannan location Fayette 10/24/18, all phone calls from Brenda Johnson

(Doc. 59, p. 2) (errors in original).

Plaintiff seeks to command non-party Stateville Local Services to produce the following:

> Master file, MSR agreement, parole agreement master file from Stateville and Vandalia Correctional Center, 2018 all grievances from Stateville and

>   Vandalia, hold site form sent to hold site Brenda Johnson, 816 W 76 St Chic
>   Ill 60620, parole hearing file

(*Id.* at p. 3) (errors in original).

## ANALYSIS

**I.     Plaintiff's Discovery Motions**

Plaintiff's Motions to Send Subpoenas and Deny Notice of Compliance (Docs. 51 & 52), Plaintiff's Motion to Deny Summary Judgment and Motion for Discovery (Doc. 56), and Plaintiff's Notice (Doc. 60) argue Plaintiff should not have been found in violation of his parole and that the violation should be vacated. The motions identify the following documents that supposedly support this position and are allegedly missing from Defendants' productions: grievances Plaintiff submitted; Plaintiff's requests to "field services" for "hold site" information; documents concerning "field services'" phone calls to Plaintiff regarding information on his release; "hold site" information sent to Ms. Johnson; documents reflecting Plaintiff's "hold site" denial on September 28, 2018; documents reflecting Plaintiff being "given another opportunity to find another hold sight"; documents concerning Plaintiff attending "preschool"; call logs that document calls from Ms. Johnson to Vandalia; paperwork from "field services" to the parole agency; "dress out documents"; the PRB's order that found Plaintiff was in violation of his parole; Plaintiff's "full Parole hearing, testimony, and explanation of charges"; Commander Hatchet's notes; Commander Akpore's notes; and Plaintiff's MSR agreement (Docs. 51) (Doc. 56) (Doc. 60). Further, Plaintiff requests additional discovery related to the individuals the parole officer contacted to inquire about a host site for Plaintiff (Doc. 56, p. 8). Also, Plaintiff requests to "talk to the prisoner Review Board" to "bring it to their

attention, that he did not have a hearing on a violation and the PRB decision should be reversed" (*Id.*).

To the extent these documents and the requested discovery relate to Plaintiff's argument that his parole should not have been revoked, they are irrelevant. The Court ordered the parties to engage in limited discovery for the exclusive purpose of determining whether Plaintiff's parole revocation was, *in fact*, vacated—not whether it should be vacated—to assess the applicability of the *Heck* doctrine (*see* Doc. 45, p. 7-8). Plaintiff's attack on the merits of his parole revocation is beyond the scope of the Court's discovery order and does not aid in resolving the *Heck* issue.

Otherwise, Defendants have repeatedly assured that they have produced all documents in their possession (Docs. 49 & 58). As corroboration, Defendants provided a sworn declaration from IDOC's Litigation Coordinator from Stateville (Doc. 58, p. 4-5). "If a party assures that it has provided all it can in response to a request or interrogatory, that should be sufficient[.]" *KISS Pharm LLC v. Becker Professional Development Corp*, 2021 WL 3207822, at *4 (N.D. Ill. July 29, 2021). Plaintiff's contentions that Defendants' counsel and IDOC's Litigation Coordinator have misled the Court are totally unsupported and speculative. Plaintiff's allegations of fraud on the Court and perjury are serious accusations, which Plaintiff has not backed up with any evidence. Ultimately, the Court cannot compel Defendants to produce what they do not have. *See Amarei v. City of Chicago*, 2016 WL 3693425, at *4 (N.D. Ill. 2016).

Accordingly, Plaintiff's Motions to Send Subpoenas and Deny Notice of Compliance (Docs. 51 & 52) and Plaintiff's "Notice to the Court to Deny Defendants

Notice of Compliance, and to Apply Sanctions also any Criminal Charges as the Court Deemed Just and Fair" (Doc. 60) are DENIED. Plaintiff's Motion to Deny Summary Judgment and Motion for Discovery (Doc. 56) is DENIED as to his request for additional discovery.

Plaintiff's Motion for Approval of Subpoenas (Doc. 59) is also deficient. The Court may require *pro se* litigants such as Plaintiff to submit subpoenas for the Court's review. *Alexander v. Richter*, 2017 WL 1093289, at *1 (W.D. Wis. March 22, 2017). *Pro se* litigants often lack knowledge about the legal requirements of subpoenas, so the review protects against the abuse of the Court's subpoena power and avoids unnecessary costs, inconvenience, and the waste of judicial resources. *See Id.*

Here, Plaintiff's proposed subpoenas are defective in several ways. The subpoenas request vague and overbroad information such as "Parole agent note," "Commandor Akpore note," "Commandor Hatchet notes," "parole file," "parole hearing file," and "2018 all grievances from Stateville and Vandalia." The subpoenas do not identify the requested documents with sufficient particularity and do not place time parameters on many of the requests. Thus, the proposed subpoenas would likely result in the production of an unreasonable amount of documents that also fall outside the scope of the Court's limited discovery order. *See Margoles v. United States*, 402 F.2d 450 (7th Cir. 1968) (upholding the district court's decision to quash an overbroad subpoena).

Also, as noted above, Defendants have stated they provided Plaintiff with every document in their possession, including the entirety of Plaintiff's PRB file, Plaintiff's Master File, and Plaintiff's Cumulative Counseling Summary (Docs. 49 & 58). The Court

is satisfied with Defendants' assurances and, thus, the subpoenas' requests for Plaintiff's grievances, the parole determination, Plaintiff's PRB file, and Plaintiff's Master File are duplicative of the documents already produced by Defendants. *See Rossman v. EN Engineering, LLC*, 467 F. Supp.3d 586, 590-91 (N.D. Ill. June 16, 2020) (and cases cited therein) (explaining it is appropriate to quash a non-party subpoena where the subpoena seeks cumulative and duplicative discovery).

Finally, many documents requested in the subpoenas, such as call logs, the host site address and phone number, and forms sent to Plaintiff's sister, supposedly support Plaintiff's contention that he was wrongly found in violation of his parole. This issue is irrelevant to whether the parole revocation was *actually* invalidated. *See Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 189 (N.D. Ill.) (quashing a non-party subpoena that sought irrelevant information and was unduly burdensome).

In sum, Plaintiff's proposed subpoenas request duplicative, overbroad, and irrelevant information. For all of these reasons, Plaintiff's Motion for Approval of Subpoenas (Doc. 59) is DENIED.

## II.   Defendants' Summary Judgment Motion

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the court's role is not to determine the truth of the matter, or to resolve a disputed factual question, but rather to determine whether one exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Doe v. R.R. Donnelley &*

*Sons Co.*, 42 F.3d 439, 443 (7th Cir.1994). The court may not "choose between competing inferences or balance the relative weight of conflicting evidence." *Hansen v. Fincantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted). Instead, "it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Id.* "Only if the court can say, on that sympathetic reading of the record, that no finder of fact could reasonably rule in the unsuccessful movant's favor may the court properly enter summary judgment against that movant." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 603 (7th Cir. 2015).

Here, Defendants argue they are entitled to summary judgment under *Heck v. Humphrey*, where the Supreme Court held that:

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87.

The *Heck* doctrine extends to challenges of parole revocations, *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000), and applies even when a plaintiff has been released from custody and can no longer utilize habeas proceedings to invalidate the revocation, *see Savory v. Cannon*, 947 F.3d 409, 419-28 (7th Cir. 2020). The Seventh Circuit has explained that because of the *Heck* doctrine,

> some valid claims will never make it past the courthouse door. *Heck* explains, though, why a high bar must be cleared before seeking damages in a civil action on claims that imply the invalidity of a criminal conviction. The Court sought to avoid parallel litigation on the issue of guilt, preclude the possibility of conflicting resolutions arising out of the same transaction, prevent collateral attacks on criminal convictions through the vehicle of civil suits, and respect concerns for comity, finality and consistency.

*Id.* at 428.

Here, Plaintiff's claims arise under § 1983 and allege his incarceration was continued past the date of his scheduled release because of a fabricated parole violation (Doc. 1). When a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. In this case, a favorable judgment on Plaintiff's § 1983 claims would necessarily imply the invalidity of his parole revocation. Thus, as *Heck* instructs, Plaintiff must demonstrate the parole revocation was already vacated or his claims must be dismissed. *Id.*

The following material facts are not disputed. Plaintiff's claims all stem from Plaintiff's transfer from Vandalia to Stateville for a parole violation (Doc. 1). Plaintiff alleges he "was told he was not going home [because] he will be re-arrested on charges of violation of parole," but alleged Defendants' unlawful actions were the actual impetus behind his transfer to Stateville, not his parole violation (*Id.*).

On October 23, 2018, Plaintiff was held for a parole violation instead of being released from IDOC custody (Doc. 1). On October 24, 2018, written notice of Plaintiff's

charges was served to Plaintiff and indicated there was probable cause that the conditions of Plaintiff's release were violated and that a hearing would be held (Doc. 54, p. 9). Specifically, Plaintiff was found in violation of his parole because Plaintiff's host site (his sister's residence) was denied (*Id.*). Also, a parole violation report indicates Plaintiff was charged with failing to "attend a program or reside in a facility established for the instruction or residence of persons on parole or mandatory supervised release" (*Id.* at p. 10). The report states:

> Offender is by law required to be placed on mandatory supervised release/parole. The offender is in violation of MSR Rule #5 because no suitable host site for said supervision could be found. This agency attempted to place the offender at (all) places with family and/or friends in the community and no suitable host site was found to supervise the offender. This agency attempted to place the offender at (all) places that [IDOC] would pay for and the paid placement for any number of reasons could not accept the offender. The offender is unable to fulfill the mandate placed on him by [IDOC] policies.

(*Id.* at p. 11).

On November 27, 2018, the PRB held a hearing on Plaintiff's parole violation (*Id.* at p. 15-17). The PRB issued an order that found a preponderance of the evidence demonstrated a parole violation occurred because Plaintiff failed to "attend a program or reside in a facility established for the instruction or residence of persons on parole or mandatory supervised release" (*Id.* at p. 16-17). The order declared Plaintiff a violator as of October 23, 2018, while on mandatory supervised release (*Id.*). Plaintiff's parole violation has not been reversed or invalidated by the PRB (*see* Doc. 54, p. 37-40 & 45-48).

Plaintiff does not dispute these facts or argue his parole revocation has been invalidated. Instead, Plaintiff contends Defendants falsified documents and obstructed

Plaintiff's release, which culminated in the revocation of his parole. Specifically, Plaintiff argues Defendants purposely gave the parole officers the wrong phone number for his sister; the parole officer falsified the parole violation report; Plaintiff was not timely informed that his sister's home was denied as a host site; Defendant Drannon erroneously told Plaintiff that once a host site is denied, an individual cannot be placed at that site; Defendant Drannon falsely stated Plaintiff was approved for Prisoner Reentry Group; and Defendants ignored phone calls and pleas from Plaintiff's sister, who was attempting to help with Plaintiff's release (Doc. 56). Plaintiff states he "would like to talk to the prisoner Review Board, and bring it to their attention, that he did not have a hearing on a violation and **the PRB decision should be reversed**" (*Id.* at p. 8) (emphasis added).

Plaintiff's arguments that his still-valid parole revocation should be vacated are precisely the type of claims that *Heck* prohibits. *See Johnston v. Ward*, 2021 WL 4932742, at *4 (N.D. Ill. Jan. 11, 2021) (finding that accusations of judicial bias and mistranscriptions that deprived the plaintiff of an acquittal "overtly undermine[d] his still-valid conviction and present incarceration in violation of *Heck*."); *Hunter v. Dutton*, 2009 WL 650531, at *1 (S.D. Ill. March 9, 2009) (granting summary judgment under the *Heck* doctrine where the plaintiff's arguments were "tantamount to implying" that a prison disciplinary decision "should be invalidated").

Even assuming Plaintiff was subjected to injustices that prolonged his incarceration, the Court cannot provide Plaintiff a remedy under § 1983 until the parole violation has been vacated through appropriate proceedings. *See Heck*, 512 U.S. at 486-87. The Court simply cannot determine one way or the other whether Plaintiff's parole

violation should be invalidated by way of a § 1983 case. *See Id.* Because Plaintiff concedes that the decision to revoke his parole has not been vacated, his claims are *Heck*-barred and must be dismissed. Defendants are entitled to judgment as a matter of law.

## CONCLUSION

For the reasons explained above, the Motions to Send Subpoenas and Deny Notice of Compliance (Docs. 51 & 52) and the Motion for Approval of Subpoenas (Doc. 59) filed by Plaintiff ONeal Johnson are **DENIED**. The Motion for Summary Judgment filed by Defendants John Drannan, Wesley Vanzant, Stephanie Waggoner, and William Henson (Doc. 53) is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: June 8, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**